ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| **CARLA T. RODRÍGUEZ BERNIER**<br><br>Peticionaria<br><br>v.<br><br>**JOSÉ M. RIVERA SANTOS**<br><br>Recurrido | KLCE202401159 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de **Ponce**<br><br>Civil Núm.:<br>**J DI2014-0178**<br><br>Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Pérez y la Jueza Prats Palerm

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2024

Comparece ante nos, por derecho propio, la señora Carla Teresa Rodríguez Bernier (señora Rodríguez Bernier o peticionaria) y solicita que revoquemos la *Resolución y Orden* emitida el 17 de octubre de 2024, notificada el 18 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante la decisión recurrida, el TPI ordenó a la señora Rodríguez Bernier contratar representación legal en un término de 30 días. De igual manera, solicita que revoquemos la *Orden* emitida el mismo día en la cual el TPI declaró no ha lugar la moción de reconsideración presentada.

Asimismo, solicita que revoquemos la *Orden* emitida el 21 de octubre de 2024, notificada el 23 de octubre de 2024. En esta, el foro primario ordenó al señor José M. Rivera Santos (señor Rivera Santos o recurrido) consignar la cantidad de $2,000.00 como abono a la deuda de pensión alimentaria y concedió un plan de pago para el restante de la deuda correspondiente.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se modifica el dictamen recurrido.

**I.**

Según surge del expediente, el TPI emitió una *Resolución* el 14 de abril de 2023, notificada el 21 de abril de 2023, mediante la cual relevó al señor Rivera Santos del pago de la pensión alimentaria de su hijo, el joven, Carlos José Rivera Rodríguez.[1] En desacuerdo con la determinación del foro primario, el 14 de junio de 2023, la señora Rodríguez Bernier presentó un recurso de *Certiorari* ante este Tribunal de Apelaciones. Evaluado el recurso, el 29 de febrero de 2024, emitimos una *Sentencia* y revocamos la *Resolución* pronunciada por el TPI.[2] En esa ocasión, devolvimos el caso al foro de instancia para que determinara la capacidad de Carlos José para entender los procedimientos y, de ser necesario, designarle un defensor judicial.

Así las cosas, y luego de varios trámites procesales, el 18 de abril de 2024, notificada el 22 de abril de 2024, el TPI concluyó, mediante *Resolución*, lo siguiente:

> El joven, Carlos José Rodríguez Bernier debe hacer gestiones en Servicios Legales de Puerto Rico, Pro-Bono o Clínica de Asistencia Legal de la Universidad Católica de Puerto Rico para comparecer a la vista señalada con representación legal.

Inconforme, el 24 de abril de 2024, la señora Rodríguez Bernier acudió nuevamente ante este Foro mediante un recurso de *Certiorari y Solicitud en Auxilio de Jurisdicción.*[3] En consecuencia, expedimos el auto de *Certiorari* y modificamos la *Resolución* emitida por el TPI. A tales efectos, concluimos que:

> Examinada la *Resolución* recurrida a la luz del derecho expuesto, entendemos que la discreción del juzgador(a) de primera instancia no condujo en este caso a una determinación razonable. Ante la alegada incapacidad del joven, Carlos José Rivera Rodríguez, determinamos

---

[1] Luego de que este adviniera a la mayoría de edad.
[2] *Véase,* KLCE202300676.
[3] *Véase,* KLCE202400458.

que erró el TPI al ordenarle a realizar gestiones por sí mismo para obtener servicios legales. **Juzgamos conveniente que se le nombre un defensor judicial como medida para proteger los intereses de esta parte en lo que se emite la determinación sobre su estado mental.**

(Énfasis nuestro)

Posteriormente, el 12 de julio de 2024, la señora Rodríguez Bernier presentó una *Solicitud para la Continuación de los Procedimientos.* Expuso que correspondía el pago de la pensión alimentaria a favor de Carlos José, toda vez que aún existía una deuda ascendiente a $10,875.62, los cuales no habían sido satisfechos por el señor Rivera Santos. El TPI señaló una vista para el 16 de agosto de 2024, y designó a la Procuradora de Asuntos de Familia, la Lcda. Brenda García Ramos (Lcda. García Ramos o Procuradora) en beneficio del joven, Carlos José.

El 6 de agosto de 2024, la Lcda. García Ramos incoó un documento intitulado *Solicitud de Medidas Cautelares.* En síntesis, arguyó que debía ordenarse al señor Rivera Santos a cumplir con el pago de la pensión alimentaria, así como la deuda generada que ascendía a $11,652.45. De igual manera, solicitó que se nombrara representación legal al joven Carlos José. Mediante *Resolución y Orden* del 8 de agosto de 2024, el TPI designó a la Lcda. Barbie Velázquez Martínez (Lcda. Velázquez Martínez), como abogada del joven Carlos José. A su vez, ordenó al señor Rivera Santos continuar con el pago mensual de $776.83 y a realizar un abono de $2,500.00 en o antes del 31 de agosto de 2024.

El día después, 9 de agosto de 2024, el señor Rivera Santos compareció mediante *Réplica en Oposición a Solicitudes de la Procuradora de Asuntos de Familia.* Argumentó que se oponía al pago de la pensión alimentaria, así como al balance vencido solicitado por la Lcda. García Ramos. En respuesta, la señora Rodríguez Bernier presentó *Dúplica y para que se descarte de plano Réplica en*

*Oposición a Solicitudes de la Procuradora de Asuntos de Familia.* Alegó que la Lcda. Velázquez Martínez sí podía solicitar la reinstalación de la pensión alimentaria, por lo que no había razón válida para dejar al joven Carlos José desprovisto de alimentos. El 27 de agosto de 2024, el señor Rivera Santos notificó que consignó la suma de $3,276.83 en giros postales, en cumplimiento a las órdenes del Tribunal.

El 30 de agosto de 2024, la señora Rodríguez Bernier, mediante *Solicitud de Orden, Reconsideración y Retiro de Fondos* expuso que el TPI en ningún momento ordenó la consignación sobre cuantías adeudadas sobre las cuales no existe controversia, sino que el dinero debía ser remitido directamente a la dirección postal del joven, Carlos José. Por lo anterior, solicitó al foro de instancia que reconsiderara su *Resolución,* toda vez que se había ordenado la continuación del pago de la pensión y no la consignación del monto adeudado. De igual manera, la Lcda. Velázquez Martínez, en representación de Carlos José, reiteró lo expuesto por la señora Rodríguez Bernier en su moción.

El 13 de septiembre de 2024, la señora Rodríguez Bernier sometió una *Urgente Solicitud de Orden* en la cual expuso que el señor Rivera Santos informó que recibía una pensión en concepto de ingresos provenientes de la Administración de Veteranos, los cuales no se habían tomado en consideración al momento de fijar la pensión alimentaria del entonces menor de edad, Carlos José. Además, sugirió la posibilidad de que el señor Rivera Santos incurrió en fraude, toda vez que no se notificó al Tribunal que éste recibía una pensión por ser veterano.

El mismo día, la Lcda. Velázquez Martínez presentó un documento intitulado *Desacato y Solicitud de Orden.* Informó que el señor Rivera Santos no cumplió con el pago de pensión del mes de septiembre de 2024, y que aún existía el balance de una deuda

ascendiente a $9,152.45. Además, expuso que advino en conocimiento que el señor Rivera Santos recibe una pensión por ser veterano, de la cual desconocía. Por lo anterior, requirió al foro primario que tomara las medidas correspondientes para el cumplimiento de las órdenes del Tribunal y que se le apercibiera al señor Rivera Santos su deber de cumplir con el pago de la pensión, así como con el saldo de la deuda de alimentos.

El 17 de septiembre de 2024, el TPI ordenó a la Administración de Veteranos certificar sobre el señor Rivera Santos: (1) la fecha en que solicitó los beneficios de incapacidad, fecha de aprobación y monto de la pensión al momento de ser aprobada; (2) si el joven, Carlos José fue incluido como dependiente de este; (3) beneficios a los que tiene derecho el joven, Carlos José por ser hijo del señor Rivera Santos, siendo menor de edad; (4) beneficios que tendría el joven, Carlos José, de ser declarado incapaz judicialmente y (5) la existencia de una investigación por razón del pleito de incapacidad del joven, Carlos José. El mismo día, el TPI le impuso una sanción económica de $300.00 al señor Rivera Santos por incumplimiento con las órdenes del Tribunal y ordenó el pago de la pensión del mes de septiembre directamente al joven, Carlos José. Asimismo, ordenó realizar un abono a la deuda de pensión, por la cantidad de $4,500.00, so pena de desacato.

El 20 de septiembre de 2024, el señor Rivera Santos presentó una *Moción Solicitando Reconsideración de Orden*. Razonó que la falta de notificación de ciertas mociones a la Lcda. Velázquez Martínez se debió a un error excusable, que no causó perjuicio a ninguna de las partes. Al mismo tiempo, notificó que realizó el pago de la pensión del mes de septiembre. En cuanto al abono ordenado por el TPI de $4,500.00, el señor Rivera Santos alegó que aproximadamente 30 días antes de la Orden, este había remitido un pago por la cantidad de $2,500.00, y que, a su consideración, la

nueva orden de abonar la cantidad exigida sería sumamente onerosa para éste.

En respuesta, el 23 de septiembre de 2024, la señora Rodríguez Bernier se opuso a la solicitud del señor Rivera Santos. Ello, pues arguyó que ninguna de las mociones y/o documentos presentados por el señor Rivera Santos habían sido notificados correctamente. En cuanto al abono de la deuda de la pensión alimentaria, reiteró que advino en conocimiento de que el señor Rivera Santos recibe una pensión ascendiente a $2,241.91 por ser veterano, y que ello incidía sustancialmente en el cumplimiento de su responsabilidad con el joven, Carlos José. Consiguientemente, el 23 de septiembre de 2024, el foro primario declaró No Ha Lugar la petición del señor Rivera Santos de dejar sin efecto la sanción económica impuesta y mantuvo la determinación sobre el abono ordenado.

El 25 de septiembre de 2024, el señor Rivera Santos instó una *Moción de Réplica a Oposición a Reconsideración*. En síntesis, adujo que la señora Rodríguez Bernier no tenía facultad en ley para representar al joven, Carlos José, toda vez que este es un adulto que se presume capaz. En cuanto a la información de sus ingresos, precisó que la señora Rodríguez Bernier realizó imputaciones e hizo afirmaciones sin evidencia, y que es contrario a derecho. Exhortó a la señora Rodríguez Bernier que, de tener prueba en contrario que rebata la información provista, la presente para establecer sus alegaciones. El 26 de septiembre de 2024, la señora Rodríguez Bernier explicó en su *Breve Réplica a Moción de Réplica a Oposición a Reconsideración y Moción Transferencia de Vista*, que la información fue obtenida mediante un sistema autorizado en el cual se provee el número de seguro social, y la fecha de nacimiento del veterano, en este caso, el señor Rivera Santos. Además, que la información relacionada al ingreso del señor Rivera Santos le consta

de propio y personal conocimiento, porque surge de las Planillas de Información Personal y Económica y las Planillas de Contribución sobre Ingresos de Individuos. Luego de varios trámites procesales, el 30 de septiembre de 2024, el foro primario reseñaló la vista de asuntos relacionados con la pensión alimentaria para el 20 de febrero de 2025.

El 2 de octubre de 2024, el señor Rivera Santos presentó una *Moción de Réplica y Otros Extremos*. Arguyó que no hay razón o justificación para que se informaran sus ingresos, toda vez que en el caso no existía una controversia pendiente relacionada a una revisión de pensión alimentaria, sino que se trataba de dilucidar si procedía o no el relevo de la pensión para Carlos José, una vez se determinara su incapacidad, de existir alguna. El 7 de octubre de 2024, TPI dictó una *Resolución* dejando sin efecto la *Orden* a la Administración de Veteranos.

El 11 de octubre de 2024, la señora Rodríguez Bernier solicitó la reconsideración de la *Orden* del TPI. Reiteró sus alegaciones relacionadas al ingreso fijo del señor Rivera Santos, y alegó que éste se encontraba en una posición cómoda para cumplir con la deuda acumulada. A su vez, expuso que el pago de la deuda que solicitaba se trataba de alimentos vencidos y no pagados, y que está en posición de exigir el pago, toda vez que desde que el señor Rivera Santos dejó de pagarla, es ella quien sufragaba todos los gastos. El 17 de octubre de 2024, el señor Rivera Santos se opuso a la reconsideración presentada por la señora Rodríguez Bernier. De igual manera, la Procuradora de Asuntos de Familia de Ponce, compareció mediante *Solicitud para que se mantenga Orden de pago de deuda*, y solicitó al Tribunal que el señor Rivera Santos pagara la totalidad de lo adeudado. El mismo día, mediante *Orden*, el foro primario ordenó a la señora Rodríguez Bernier contratar

representación legal en un término de 30 días y declaró No Ha Lugar la reconsideración.

Luego de evaluadas las comparecencias de ambas partes, el 21 de octubre de 2024, el TPI emitió una *Orden* en la cual dispuso que el señor Rivera Santos debía abonar la cantidad de $2,000.00 en o antes del 31 de diciembre de 2024. En relación al restante de la deuda, el foro primario designó un plan de pago por la cantidad de $221.03 por un término de 12 meses.

Inconforme, la señora Rodríguez Bernier presentó una *Petición de Certiorari* ante este Tribunal de Apelaciones, y alega que el TPI cometió los siguientes errores:

> Erró el TPI, al impedir que la peticionaria Rodríguez Bernier cobre la deuda líquida, vencida y exigible a razón de $4,652.45 dólares, de conformidad con la figura del pago por tercero.

> Erró el TPI, al ordenar a la peticionaria a contratar representación legal, siendo esta abogada de profesión y en ningún momento haber obstaculizado los procesos.

> Erró el TPI, al no reinstalar la Orden previamente expedida dirigida a la Administración de Veteranos, solicitando información detallada de los ingresos del recurrido, toda vez que era pertinente en esta etapa de los procesos para efectos de autorizar un plan de pago y la misma ya había sido debidamente diligenciada. Además, impugnar la credibilidad del testigo.

> Erró el TPI al conceder un plan de pago sin requerir del recurrido justificar, fundamentar y documentar las razones por las cuales debía concederse un plan de pago el cual se extenderá por catorce (14) meses sin intereses.

Junto a su recurso, la señora Rodríguez Bermúdez instó una *Solicitud en Auxilio de Jurisdicción*, con el propósito de que se paralizaran los efectos de las resoluciones y órdenes emitidas por el TPI hasta tanto el recurso fuera resuelto en sus méritos. El 25 de octubre de 2024, emitimos *Resolución*, mediante la cual declaramos No Ha Lugar la solicitud en auxilio de jurisdicción y le concedimos a la parte recurrida un término para someter su posición en torno al recurso de *certiorari*. El 12 de noviembre de 2024, la parte recurrida compareció. Procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Mecishape, et al.*, 207 DPR 994 (2021); *Scotiabank y. ZAF Corp. et al.*, 202 DPR 478 (2019).[4]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García y. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

---

[4] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez y. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas y. González,* 149 DPR 859, 866 (1999).

**B.**

La representación por derecho propio en los casos de naturaleza civil se rige por las disposiciones de la Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4. Esta establece lo siguiente:

Las personas naturales en los casos civiles ordinarios podrán representarse. La persona que se autorrepresenta deberá cumplir con los requisitos siguientes:

(a) que la persona no está representada por abogado o abogada;

**(b) que la decisión de autorrepresentación es voluntaria e inteligente**, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;

(c) que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;

**(d) que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantiva aplicable**, y

**(e) que la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas.**

El tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. **El incumplimiento con alguno de estos requisitos será causa justificada para suspender su autorrepresentación**. Cuando el tribunal suspenda la autorrepresentación de una persona, le ordenará que en determinado plazo comparezca representada por abogado o abogada.

Si una parte durante el transcurso de un proceso desea representarse, deberá solicitar autorización al tribunal, pero además de cumplir con los incisos (a) al (e) anteriores, deberá satisfacer los criterios siguientes:

(1) que la persona ha solicitado representarse de forma oportuna, y

(2) que la persona ha manifestado de manera expresa e inequívoca el propósito o interés de comenzar con su autorrepresentación. La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada. [...]

(Énfasis nuestro).

El hecho de ser abogado no puede constituir por sí solo criterio suficiente para autorizar representación por derecho propio a una parte, pues otros factores podrían aconsejar que el mejor curso de acción a seguir es requerir la comparecencia de otro abogado en el caso. *Lizarribar v. Martínez Gelpí*, 121 DPR 770, 783 (1988). Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que el derecho a auto-representarse no es absoluto e ilimitado, porque existen consideraciones que podrían inducir correctamente a un juzgador de los hechos a negar a las partes en determinados casos la oportunidad de representarse por derecho propio en los procedimientos judiciales. Dichas consideraciones deberán ser justamente balanceadas por el tribunal, atendiendo las circunstancias particulares del caso, los intereses de las partes y la eficiencia en la administración de la justicia. *Íd.*, págs. 785-786.

**III.**

En esencia, en su primer, tercer y cuarto señalamiento de error, la peticionaria aduce que erró el foro primario al impedir que ésta pudiera cobrar la deuda, que a su consideración es una líquida, vencida y exigible, por la cantidad de $4,652.46, en conformidad con la figura del pago por tercero. En específico, argumenta que se le ha solicitado al señor Rivera Santos el pago de lo adeudado, pues asegura que desde tempranas instancias procesales, ha cubierto los gastos de la obligación que él tenía, así como las del joven, Carlos José quien vive actualmente con ella en su hogar.

Además, que el foro primario incidió al no reinstalar la *Orden* emitida el 17 de septiembre de 2024, en la cual se solicitaba a la Administración de Veteranos información detallada de los ingresos del señor Rivera Santos a los efectos de autorizar un plan de pago. A su vez, en cuanto al plan de pago establecido por el TPI, la señora Rodríguez Bernier señala que no procedía, por entender que el señor Rivera Santos no justificó, fundamentó o documentó las razones por

las cuales debía concederse el referido plan de pago extendido a 14 meses sin intereses. Por su parte, el recurrido está conforme con las decisiones del TPI recurridas.

Un examen pormenorizado del expediente nos lleva a concluir que los señalamientos de error no fueron cometidos por el TPI. La peticionaria no logró derrotar la deferencia que merecen las determinaciones de hechos realizadas por el foro primario en relación al ingreso neto mensual del señor Rivera Santos. Es claro que el TPI, en su función discrecional y luego de evaluada la prueba que tuvo ante su consideración, determinó que procedía un plan de pago para que el señor Rivera Santos cumpliera con su obligación de sufragar la deuda acumulada y pendiente en concepto de alimentos del ahora joven, Carlos José. No hallamos visos de irregularidad en cuanto a la apreciación de la prueba realizada en este aspecto por el foro recurrido.

Por lo anterior, y evaluados los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, consideramos que la etapa del procedimiento en que se presenta este recurso no es la más propicia para nuestra intervención en cuanto a la revisión de las determinaciones de la deuda en concepto de la pensión alimentaria del joven, Carlos José. La señora Rodríguez Bernier tampoco ha demostrado que el foro de instancia actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. En conclusión, nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos, ni para inmiscuirnos en el manejo del caso y en la discreción del juez. Tampoco encontramos que concurra criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia.

Por otro lado, en su segundo señalamiento de error, la señora Rodríguez Bernier alega que erró el TPI al ordenar que contratara representación legal en un término de 30 días, toda vez que ésta es abogada de profesión y en ningún momento ha obstaculizado los procedimientos ante el foro recurrido. Enfatiza que desde que Carlos José advino a la mayoría de edad, ha estado auto representándose, sin entorpecer el proceso ni causar dilación o perjurio alguno. Asegura que, contrario de lo alegado por el señor Rivera Santos, su representación por derecho propio ha contribuido a que se relevara de una pensión alimentaria sin que Carlos José fuera evaluado, a que se le nombrara un defensor judicial, y a que se le asignara representación legal al joven.

Por su parte, el señor Rivera Santos expuso que el Juez que tiene el caso ante su consideración es quien ha evaluado el comportamiento de las partes, así como las mociones presentadas, y es quien está en mejor posición para determinar la controversia de la representación legal de la señora Rodríguez Bernier. Además, que la señora Rodríguez Bernier pretendía ser abogada y parte en el proceso, lo que no era posible, por lo que la determinación del foro de instancia fue la correcta. Veamos.

Nuestro ordenamiento jurídico reconoce el derecho a la autorrepresentación. No obstante, este derecho no es absoluto y la persona que desee autorrepresentarse debe cumplir con los requisitos de la Regla 9.4 de Procedimiento Civil, *supra.* Así pues, el incumplimiento con alguno de los requisitos será causa justificada para suspender la autorrepresentación. Nótese que la propia Regla 9.4, *supra*, requiere que el tribunal se asegure que la parte litigante en el ejercicio de su auto representación entiende y conoce el alcance y las consecuencias de su comparecencia por derecho propio durante todas las etapas del litigio. Además, la regla autoriza al tribunal a suspender la auto representación cuando estime que la

parte litigante pro se ha incumplido con alguno de los requisitos antes mencionados, por lo que se entenderá que ha mediado causa justificada para la suspensión.

En este caso, y según surge del expediente ante nuestra consideración, entendemos que la señora Rodríguez Bernier ha cumplido con las órdenes del Tribunal sin entorpecer ni dilatar los procedimientos relacionados a la pensión alimentaria de su hijo. Por su conocimiento con el derecho, al ser abogada de profesión, y por cumplir con los requerimientos necesarios para representarse por derecho propio, cónsono con la Regla 9.4, supra, concluimos que se debe permitir la continuación de la representación por derecho propio de la señora Rodríguez Bernier. Por lo tanto, entendemos que la señora Rodríguez Bernier cumple con los requisitos establecidos en ley para continuar el procedimiento por derecho propio.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se modifica la *Orden* del 7 de octubre de 2024, a los efectos de permitir la representación legal por derecho propio de la señora Rodríguez Bernier. Así modificada, se confirma.

Por otro lado, se confirman las *Órdenes* emitidas por el TPI el 17 de octubre de 2024. En consecuencia, se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones